1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11  ELSTON JEROME BAKER,                )  Case No.: 1:18-cv-0981 - LJO - JLT
                                        )
12          Plaintiff,                  )  ORDER GRANTING PLAINTIFF'S MOTION TO
                                        )  PROCEED IN FORMA PAUPERIS
13          v.                          )
                                        )  ORDER DISMISSING THE COMPLAINT WITH
14  CHASE BANK, et al.                  )  LEAVE TO AMEND
                                        )
15          Defendants.                 )
                                        )
16  _____)

17          Elston Jerome Baker seeks to proceed with an action against Chase Bank, RaboBank, Hertz

18  Rental Cars, and the Bakersfield Sheriff's Department. Pending before the Court are the complaint and

19  a request to proceed *in forma pauperis*. (Docs. 1, 2) Because the Court finds Plaintiff fails to clearly

20  identify the causes of action on which he seeks to proceed, or allege facts sufficient to support a

21  federal claim for relief, Plaintiff's complaint is **DISMISSED** with leave to amend.

22  **I.      Motion to Proceed In Forma Pauperis**

23          The Court may authorize the commencement of an action without prepayment of fees "by a

24  person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25  that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court

26  reviewed the financial status affidavit (Doc. 2), and finds the requirements of 28 U.S.C. § 1915(a) are

27  satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

28  ///

                                        1

## II.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## IV.    Factual Allegations

The plaintiff asserts that on March 8, 2017, he opened an account at RaboBank in Bakersfield, and at that time Plaintiff told a RaboBank employee that he did not want an overdraft protection plan. (Doc. 1 at 5) However, Plaintiff contends that when he rented a car from Hertz on March 30, 2017, RaboBank used overdraft protection, which resulted in an extra charge. (*See id.* at 3, 5) Evidently, the RaboBank employees with whom Plaintiff interacted where Hispanic, as Plaintiff contends he suffered emotional damage and was "discriminated [against] by the Mexican people [a]gain."  (*Id.* at 5)

In addition, Plaintiff asserts that the car he rented from Hertz was stolen from his driveway. (Doc. 1 at 3) He reports that he called 911, and a sheriff officer responded to the call. (*Id.*) Plaintiff asserts his car was eventually located, and an officer "gave [Plaintiff] a hard time, saying [he] let someone drive the car."  (*Id.*)  Plaintiff contends he did not allow someone to take it, and he did not know anyone in the area where his car was located. (*Id.*)

Further, Plaintiff contends that in December 2017, he had an account at Chase Bank.  (Doc. 1 at 4) According to Plaintiff, he received a deposit of $631.00, but "Chase Bank took $450.00… out of [his] account."  (*Id.*) He appears to assert this money was wrongfully taken from the account, and that when he questioned the withdrawal, employees "told [him] to leave." (*Id.*)

## V.    Discussion and Analysis

Plaintiff seeks to hold several unrelated entities—including Chase Bank, RaboBank, Hertz Rental Cars, and the Bakersfield Sheriff's Department—liable for violations of his civil rights.  (*See generally* Doc. 1 at 3-5)

### A.    Section 1983 Claims

To the extent Plaintiff seeks to state claims based upon violations of his constitutional rights, such claims may be raised under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for

3

vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Pursuant to Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### 1. State actors

As an initial matter, there are no allegations to support the conclusion that the individuals with whom Plaintiff interacted at Chase, RaboBank, and Hertz acted under color of authority. Rather, in general, individuals—such as those working at banks and car rental companies—are private parties and do not act under color of authority with actions attributable to the government. *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991); *see also Armstrong v. Wells Fargo Bank, N.A.*, 2006 WL 2791155, at (2 (E.D. Cal. Sept. 27, 2006) (holding a bank "did not act under color of state law when it allegedly mishandled [the] plaintiff's bank account"). Accordingly, Plaintiff fails to state a claim arising under Section 1983 against Chase, RaboBank, and Hertz.

### 2. Constitutional rights

Plaintiff indicated on the form complaint that the defendants are liable for failure to provide basic necessities, disciplinary proceedings, excessive force, interference with the exercise of religion, retaliation, and failure to provide medical care. (Doc. 1 at 3-5) However, Plaintiff fails to allege any facts supporting the civil rights claims identified.

For example, though Plaintiff indicated he sought to state a claim for excessive force by an unidentified officer, he does not identify the use of *any* force by the responding officer. (*See* Doc. at 3) Instead, Plaintiff merely alleges the officer "gave [him] a hard time" and he was "treated…with no respect at all." (*Id.*) A claim that an officer acted rudely "does not demonstrate a constitutional violation." *See Mabie v. Hogan*, 2017 WL 1179427, at *2 (E.D. Cal. Mar. 28, 2017). Instead, to state a claim for excessive force, a plaintiff must allege actual, physical force was used by an officer, in an unreasonable manner.

Given the lack of factual allegations related to the actions of the sheriff's officer and Plaintiff's failure to link the defendant to any constitutional rights, his claim arising under Section 1983 against the sheriff's department also fails.

### B. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Significantly, the Ninth Circuit determined that "[w]hen federal claims are dismissed before trial . . . pendent state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (internal quotation marks omitted); *see also Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (recognizing the propriety of dismissing supplemental state law claims without prejudice when the district court has dismissed the federal claims over which it had original jurisdiction). Because Plaintiff failed to state a cognizable claim under federal law in his complaint—the Court declines to expend judicial resources analyzing the merits of claims that may arise under state law.

### C. Rule 18 and Unrelated Claims

Plaintiff raises claims that are completely unrelated to other claims in his complaint. Pursuant

to Rule 18 of the Federal Rules of Civil Procedure, which governs joinder of claims, "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001) (citation omitted). Consequently, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For this reason, the complaint filed by Plaintiff violates the requirements of Rule 18.

## VI. Conclusion and Order

Plaintiff fails to state a cognizable claim under federal law. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Therefore, Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order. The amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint." The amended complaint **SHALL** include only claims that are related to the same transaction or occurrence.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1.      Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2.      Plaintiff's Complaint is **DISMISSED** with leave to amend; and

3.      Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **October 15, 2018**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE